IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Bobby Jane Wilson, | ) | C/A: 3:15-1157-JFA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Wal-Mart, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This case arises from a slip and fall personal injury sustained by Plaintiff Bobby Jane Wilson ("Wilson") while she was a patron at a Sumter, South Carolina location of the Defendant Wal-Mart Inc. ("Wal-Mart"). Plaintiff alleged a sole cause of action of negligence against Defendant. Defendant has filed a motion for summary judgment per Rule 56 of the Federal Rules of Civil Procedure claiming that Plaintiff's sole cause of action of negligence should be dismissed.

I.     **FACTUAL AND PROCEDURAL HISTORY**

On May 11, 2013, Plaintiff entered a Wal-Mart store located at 1283 Broad Street, Sumter, South Carolina with a companion, John Taylor ("Taylor"). While Plaintiff was shopping in the store, she slipped and fell on a substance as she walked by the meat display case. Plaintiff testified that the substance that she slipped on was pinkish, covered approximately one inch of the floor, and was very close to the meat display case.

Plaintiff further testified that she had no information to show that any Wal-Mart employees knew that the pinkish substance was on the floor prior to her incident.

On February 2, 2015, Plaintiff filed a Complaint alleging that Defendant was negligent in (1) allowing a slippery substance to remain on the floor where customers were walking; (2) failing to warn Plaintiff that a slippery substance was on the floor; (3) failing to properly maintain the floor to prevent slippery substances from being on the floor, and (4) failing to inspect the area where Plaintiff fell. (ECF No. 1-1).

On April 21, 2016, Defendant filed a motion for summary judgment. (ECF No. 21). Plaintiff timely filed a response in opposition to Defendant's motion on May 4, 2016, and Defendant timely filed a reply to Plaintiff's response. (ECF No. 23; ECF No. 25). On June 1, 2016, oral argument was held before this Court. (ECF No. 28). Therefore, this matter is ripe for review by the Court.

## II.     LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for

the trier of fact to return a verdict for that party.  *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact.  *Celotex*, 477 U.S. at 323.  If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."  *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323.  All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## III.    ISSUES

There are 2 issues that must be decided by the Court:

A.    Whether any genuine issue of material fact exists regarding whether Defendant created the hazard.

B.    Whether Defendant had any actual or constructive knowledge of the hazard prior to Plaintiff's slip and fall.

## IV.    ANALYSIS

### A.    NEGLIGENCE/PREMISES LIABILITY

According to South Carolina law, a plaintiff must prove the following elements to establish a cause of action for negligence: (1) a duty of care owed to the plaintiff by the defendant; (2) a breach of that duty by some act or omission; and (3) that the plaintiff

suffered damages as a proximate result of the breach. *Staples v. Duell*, 329 S.C. 503, 506, 494 S.E.2d 639, 641 (S.C. Ct. App. 1997).  When considering a claim by an invitee against a merchant, it is well-established that a merchant owes its customers only a duty to use ordinary care to keep its premises in a reasonably safe condition. *Garvin v. Bi-Lo, Inc.*, 343 S.C. 625, 628, 541 S.E.2d 831, 832 (S.C. 2001); *Cook v. Food Lion Inc.*, 328 S.C. 324, 327, 491 S.E.2d 690, 691 (S.C. Ct. App. 1997). A merchant is not an insurer of the safety of its patrons and is not required to maintain the premises in such a condition that no accident could happen to a patron using the premises. *Norris v. Wal-Mart Stores East, L.P.*, 2014 U.S. Dist. LEXIS 14771, *9 (D.S.C. 2014); *see also Pennington v. Zayre Corp.*, 252 S.C. 176, 178, 165 S.E.2d 695, 696 (S.C. 1969); *Denton v. Winn Dixie Greenville Inc.*, 312 S.C. 119, 120, 439 S.E.2d 292, 293 (S.C. Ct. App. 1993).

Both parties agree that Plaintiff was a business invitee at the time of the incident in this case. As such, in order for Plaintiff to recover for the injuries caused by the hazard on Defendant's premises, she must show either: (1) that the foreign substance was placed on the floor by Defendant; or (2) that Defendant had actual or constructive knowledge of its presence on the floor and failed to remove it. *Massey v. Wal-Mart Stores East, L.P.*, 2010 U.S. Dist. LEXIS 100047, *6-8 (D.S.C. 2010); *see also Garvin*, 343 S.C. at 628, 541 S.E.2d at 832; *Gillespie v. Wal-Mart Stores, Inc.*, 302 S.C. 90, 91, 394 S.E.2d 24, 24 (S.C. 1990); *Wimberley v. Winn-Dixie Greenville, Inc.*, 252 S.C. 117, 121, 165 S.E.2d 627, 629 (S.C. 1969).  Constructive knowledge can be established by showing that the

substance was on the floor for a sufficient amount of time that the merchant would or should have discovered and removed it had the merchant used ordinary care. *Gillespie*, 302 S.C. at 91, 394 S.E.2d at 24-25.

"'Not every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from [someone]. Thousands of accidents occur every day for which no one is liable in damages, and often no one is to blame, not even the ones who are injured.'" *Young v. Meeting Street Piggly Wiggly*, 288 S.C. 508, 511, 343 S.E.2d 636, 638 (S.C. Ct. App. 1986) (quoting *S. S. Kresge Co. v. Fader*, 116 Ohio St. 718, 724, 158 N.E. 174, 175-76 (Ohio 1927)).   In this case, Defendant argues that this Court should grant its motion for summary judgment because Plaintiff has failed to establish that Defendant created the hazard on the floor or that it had actual or constructive knowledge of the hazard on the floor.   The Court agrees.

### B.     CREATION OF THE HAZARD

Defendant argues that Plaintiff's claim of negligence should fail as a matter of law because Plaintiff cannot establish that the foreign substance was placed on the floor by Defendant or it agents or that Defendant otherwise created the hazard. (ECF No. 21-1 p. 5).   Plaintiff argues that her deposition testimony demonstrates that the equipment owned and controlled by Defendant created the hazard that caused the Plaintiff to fall.   (ECF No. 23 p. 2).   Further, Plaintiff broadly contends that her deposition testimony along with her "Customer Accident Report" indicates that there is a genuine issue of material fact

5

such that the issue of where the liquid came from should be determined by the jury. (ECF No. 23 p. 2-3).

In her deposition, Plaintiff initially testified that the liquid in question dripped from the meat cooler onto the floor.  However, Plaintiff subsequently admitted that she did not have any evidence or proof as to the source of the slippery substance other than the fact that it was located close to the meat cooler on the floor.  Plaintiff's theory that the substance leaked from the meat cooler solely because of its proximity to the meat cooler is based upon nothing more than assumptions and speculation.

Uncorroborated and self-serving testimony cannot give rise to a genuine factual dispute. *Hindman v. Greenville Hosp. Sys.*, 947 F. Supp. 215, 223 (D.S.C. 1996); *see also Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1480 (9th Cir. 1996) (affirming that self-serving, inconsistent deposition testimony did not create a genuine factual dispute capable of defeating a properly supported motion for summary judgment).  Plaintiff has not presented any objective evidence to support her allegations regarding the source of the substance or the length of time that it was on the floor.  None of the witness statements provided in connection with the incident refer to the source of the substance, and none of the surveillance video shows the source of the substance. Plaintiff's self-serving and conclusory statements suggesting that the substance leaked from Defendant's cooler are without any objective support and cannot defeat Defendant's motion for summary judgment.

Plaintiff's "Customer Accident Report," like her deposition testimony, does not provide a basis for denying summary judgment. The accident report in question only provides a short description of how the accident occurred. Specifically, the report states that Plaintiff "was walking on store by produce came around where drummettes were slidedown [sic]." (ECF No. 23-2 p. 2). Nothing in the "Customer Accident Report" provides evidence of the source of the substance or the length of time that it existed on the floor.

Standing alone or taken together, neither the deposition testimony nor the "Customer Accident Report" provide a sufficient basis for a reasonable jury to find in favor of Plaintiff as to each of the elements of her negligence cause of action. *See Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) (holding that "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion."); *see also Anderson v. Winn-Dixie Greenville, Inc.*, 257 S.C. 75, 184 S.E.2d 77 (S.C. 1971) (holding that proof that a dangerous condition was caused by a foreign substance on the floor, standing alone, is insufficient to support a finding of negligence)).

### C.     ACTUAL/CONSTRUCTIVE KNOWLEDGE OF THE HAZARD

Defendant also argues that it is entitled to summary judgment because Plaintiff cannot establish that Defendant had any actual or constructive knowledge of the substance on the floor. In her reply brief, Plaintiff did not make any arguments to the contrary, but the Court will address the issue nonetheless. Although Plaintiff testified

7

that there was perhaps two ounces of the substance covering about an inch of the flooring, she further testified that she did not notice the substance prior to falling nor did she have any information regarding whether a store employee knew the substance was on the floor prior to the incident.

Moreover, Plaintiff has not provided any evidence that would show that Defendant had constructive knowledge of the substance. Plaintiff has not provided this Court with any evidence showing that the substance was on the floor for a sufficient period of time such that Defendant should have known about it. In fact, Plaintiff has provided no evidence whatsoever regarding the length of time that the substance was on the floor.

Defendant admits that its surveillance video shows employees in the general area prior to the incident. However, that evidence, standing alone, is insufficient to charge Defendant with constructive knowledge of the substance, particularly given the small size of the substance and its proximity to the meat cooler.[1] "The question of whether the [foreign substance] was on the floor for such a length of time as to infer that [Defendant]

---

[1] *See Gillespie*, 302 S.C. at 91, 394 S.E.2d at 25; *see also Pennington v. Zayre Corp.*, 252 S.C. 176, 165 S.E.2d 695 (S.C. 1969) (ruling that evidence was insufficient to prove constructive notice where the plaintiff, while shopping in a department store, slipped on a transparent plastic bag and fell to the floor while an employee was in the immediate vicinity at the time of the fall); *Hunter v. Dixie Home Stores*, 232 S.C. 139, 101 S.E.2d 262 (S.C. 1957) (finding that evidence was insufficient to charge a storekeeper with constructive notice of the presence of green beans on the floor that caused the plaintiff to slip and fall even though one employee 10 or 12 feet away faced toward the area where the plaintiff fell and another employee was standing approximately 20 or 30 feet away); *Young v. Meeting Street Piggly Wiggly*, 288 S.C. 508, 343 S.E.2d 636 (S.C. Ct. App. 1986) (holding that a merchant's liability may not be based solely on the presence of moisture on the floor); *H. E. B. Foods, Inc. v. Moore*, 599 S.W.2d 126 (Tex. Ct. Civ. App. 1980) (holding that the mere fact that a foreign substance was on the floor of a store and that an employee was in the immediate vicinity at the time the plaintiff fell was insufficient, standing alone, to raise the inference that the storekeeper placed the substance there or knew it was there and negligently failed to remove it)).

was negligent in not discovering and removing it is not one that can be left to speculation." *Gillespie*, 302 S.C. at 92, 394 S.E.2d at 25.

Plaintiff has failed to provide any evidence from which a reasonable jury could find that Defendant had actual or constructive knowledge of the foreign substance on the floor. Therefore, Plaintiff's claim fails as a matter of law, and summary judgment in favor of Defendant is proper.

## V.    CONCLUSION

Based on the record before the Court, the briefs filed by the parties, and the arguments of counsel, the Court hereby **GRANTS** Defendant Wal-Mart's motion for summary judgment.

IT IS SO ORDERED.

June 2, 2016                                      Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge